**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JERMAINE M. HINSON, | ) | CASE NO. 1:26-CV-1303 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL | ) | JENNIFER DOWDELL ARMSTRONG |
| SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

## I. INTRODUCTION

The Commissioner of Social Security denied Plaintiff Jermaine M. Hinson's application for a period of disability, Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI). Mr. Hinson, proceeding *pro se*, seeks judicial review of that decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Compl., ECF No. 1; *see* PageID# 2.) This matter is before me pursuant to Local Rule 72.2(b). (*See* ECF non-document entry dated June 5, 2026.)

Currently pending is the Commissioner's Motion to Dismiss Untimely Complaint, or, Alternatively, for Summary Judgment. (Mot., ECF No. 7.) Mr. Hinson has not filed a response or evidence opposing the motion.

For the reasons set forth below, I RECOMMEND that the Court GRANT summary judgment in favor of the Commissioner.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The relevant facts needed for resolution of the Commissioner's motion are not disputed.

On June 5, 2025, Mr. Hinson (proceeding *pro se*) filed a complaint against the Commissioner of Social Security, seeking judicial review of the Social Security Administration's denial of his application for disability benefits. (Compl., ECF No. 1.) Mr. Hinson listed an address

in Beachwood, Ohio. (*See id.*, PageID# 2.) In the complaint, Mr. Hinson seems to allege that the agency's administrative law judge erred when he found Mr. Hinson not disabled, where "[a]ll medical procedures were not . . . presented of all [his] impairments." (*Id.*, PageID# 5.) Mr. Hinson specifically seems to allege that a condition involving osteophytes was not fully presented or considered by the agency. (*Id.*) Mr. Hinson attached the ALJ's written decision as an exhibit to his complaint; the decision is dated February 28, 2025. (ECF No. 1-2, PageID# 11.) Mr. Hinson also attached a notice from the SSA Appeals Council, declining to review the ALJ's decision. (ECF No. 1-2, PageID# 11.)

The Appeals Council decision is dated February 19, 2026. (*Id.*) The notice of that decision specifically advised Mr. Hinson of his right to file a civil action in federal court and further advised as follows about the deadline to do so:

> You have 60 days to file a civil action (ask for court review).
>
> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make your request in writing and give you reason(s) in the request.

(*Id.*, PageID# 10.)

The form complaint Mr. Hinson filled out also advised him that "[a]n appeal from a decision of the Commissioner must be filed within 60 days of the date on which you received notice that the Commissioner's decision became final." (ECF No. 1, PageID# 3.) The form asked Mr. Hinson when he received notice that the Commissioner's decision was final. (*Id.*) Mr. Hinson did not respond; he left that field blank. (*Id.*) Mr. Hinson signed the complaint on the same day he filed it—June 5, 2026. (*Id.*, PageID# 4.)

On the same day, Mr. Hinson filed an application to proceed in forma pauperis. (Application, ECF No. 2.) In the application, Mr. Hinson did not identify his legal residence. (*Id.*, PageID# 34.) But I note that the Beachwood address Mr. Hinson identified in the complaint (the one that is still reflected on the docket) is the same address listed on the mailings from the Social Security Administration that he attached as exhibits to the complaint. (*See* ECF No. 1, PageID# 2; ECF No. 1-2, PageID# 11–12.)

On the same day, this matter was referred to me pursuant to Local Rule 72.2(b). (See ECF non-document entry dated June 5, 2026.) I granted Mr. Hinson's motion to proceed in forma pauperis, and I issued an initial order requiring the Commissioner to respond to the complaint within 60 days. (Order [non-document], June 5, 2026; Magistrate Judge's Initial Order, ECF No. 4, PageID# 41.) Copies of these orders were mailed to Mr. Hinson at the Beachwood address identified in the complaint, and they have not been returned as undeliverable. (*See* Service Remarks, June 5, 2026.)

On August 3, 2026, the Commissioner filed a Motion to Dismiss Untimely Complaint, or, Alternatively, for Summary Judgment. (Mot., ECF No. 7.) The Commissioner attached to the motion as an exhibit a declaration from the Chief of Court Case Preparation and Review Branch 3 of the SSA's Office of Disability Adjudication. (ECF No. 7-1, PageID# 55.) That declaration, in turn, incorporates as exhibits (1) the ALJ's February 28, 2025 decision finding that Mr. Hinson is not disabled and (2) the Appeals Council's February 19, 2026 notice of its action on Mr. Hinson's request to review the decision. (ECF No. 7-1, PageID# 59, 81.)

In the declaration, the agency employee also averred that she was not aware of any request from Mr. Hinson for an extension of time to file a civil action. (*See id.*, PageID# 57.)

The Commissioner's counsel certified that the motion was mailed to Mr. Hinson at his Beachwood address. (Mot., ECF No. 7, PageID# 54.)

Mr. Hinson did not file a timely opposition to the Commissioner's motion. On September 9, 2026, I issued an order advising the parties that the Court intended to treat the motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (Order [non-document], Sept. 9, 2026.) My order also gave Mr. Hinson additional time to respond to the motion. (*Id.*) Specifically, I directed Mr. Hinson to "file a response to the Motion . . . by Wednesday, September 16, 2026, and to present all the material that is pertinent to the motion by that date." (*Id.*) I cautioned Mr. Hinson, among other things, that the Court would "proceed to consider the Motion on the merits" if he failed to respond to the motion by that date. (*Id.*)

A copy of this order was mailed to Mr. Hinson at his Beachwood address, and it has not been returned as undeliverable. (Service Remark, Sept. 9, 2026.)

Mr. Hinson did not file a timely response. Instead, on September 18, 2026, he filed a motion requesting an extension of time to respond. (Mot., ECF No. 8.) In the motion, Mr. Hinson alleges that he never received a copy of the motion or my September 9 order. (*See id.*, PageID# 86.) Mr. Hinson did not identify a new mailing address or explain why he had not received mailings in the case. (*See id.*)

On the same day, I granted Mr. Hinson's motion. (Order [non-document], Sept. 18, 2026.) Specifically, I directed Mr. Hinson to file a response and to present all the material that is pertinent to the motion by Friday, October 2, 2026. (*Id.*) I cautioned him that the Court would not grant further extensions "absent extraordinary circumstances." (*Id.*) I again warned him that the Court would proceed to consider the motion on the merits if he failed to respond. (*Id.*) And, in light of the alleged service issues, I directed Mr. Hinson to file a written notice of his current mailing

address at which he can receive mailed notices in this case by October 2, 2026. (*Id.*) Finally, I directed the Clerk to mail a copy of the motion for summary judgment, the September 9 non-document order, and this order to Mr. Hinson at the address currently listed on the docket. (*Id.*)

The Clerk mailed these copies as directed, and that mailing has not been returned as undeliverable. (Service Remark, Sept. 18, 2026.)

Mr. Hinson did not file a response to the motion as directed, and he did not file a change of address form as required.

This Report and Recommendation follows.

## III. LAW AND ANALYSIS

While the Commissioner moved both to dismiss and for summary judgment, I am considering the Commissioner's motion only as one for summary judgment because the motion relies upon matters outside the pleadings, including a declaration with incorporated exhibits from the agency record. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Courts within this District have reached the same conclusion under analogous circumstances. *See, e.g.*, *Spires v. Comm'r of Soc. Sec.*, No. 1:15CV1096, 2015 WL 7576011, at *1 (N.D. Ohio Nov. 2, 2015), *report and recommendation adopted*, 2015 WL 7575936 (N.D. Ohio Nov. 25, 2015); *Lutz v. Comm'r of Soc. Sec.*, No. 1:25-cv-1918, 2026 WL 491019, at *2 (N.D. Ohio Feb. 23, 2026), *report and recommendation adopted*, 2026 WL 916343 (Mar. 12, 2026). The Commissioner's motion was explicitly captioned as a motion for summary judgment, but I nonetheless note that I advised Mr. Hinson that the Court would be treating the motion as one for summary judgment and gave him two extensions of time to respond and present evidence pertinent to the motion before issuing this Report and Recommendation. *See* Orders [non-document], Sept. 9 & 18, 2026; *see also* Fed. R. Civ. P. 12(d)

("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Lansing Dairy., Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed. R. Civ. P. 56(c)(1)(A), (B).

A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *See, e.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Lansing Dairy, Inc.*, 39 F.3d at 1347; *see also Celotex*, 477 U.S. at 324.

The Social Security Act sets forth the time limitation for seeking judicial review of an unfavorable agency decision. The relevant statute provides in part:

> Any individual, after any final decision of the Commissioner . . . made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow.

42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 481 (1986) (calling this deadline a "statute of limitations"); *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (applying the statute of limitations and the regulatory "grace period" I discuss next).

The corresponding regulation further provides:

> For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

Therefore, a plaintiff must commence a civil action within 65 days of the Appeals Council's notice, unless he can make a "reasonable showing" of receipt of the notice at a later date. *See Urban v. Comm'r of Soc. Sec.*, No. 1:12 CV 1179, 2012 WL 5996378, at *2 (N.D. Ohio Nov. 30, 2012); *Spires*, 2015 WL 7576011, at *1.

This 65-day limitation period serves the purpose of moving "cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen*, 476 U.S. at 481. The Sixth Circuit has stressed strict adherence to this 65-day time limit. *See Cook*, 480 F.3d at 437 ("Although allowing [the claimant] to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.").

Here, there is no dispute that the Appeals Council denied review of the operative ALJ decision on February 19, 2026. (ECF No. 7-1, PageID# 81; *see also* Mapp Decl., ECF No. 7-1, PageID# 57.) Sixty-five days after that date was Saturday, April 25, 2026. Assuming the deadline would be extended to Monday, April 27, 2026—*see, e.g.*, *Cook*, 480 F.3d at 435—Mr. Hinson nevertheless filed his complaint 39 days too late. (*See* Compl., ECF No. 1.)

By regulation, the period in which a plaintiff must file a complaint may be extended upon the showing of good cause to the Appeals Council. 20 C.F.R. § 416.1482. But here, Mr. Hinson did not request extra time from the Appeals Council, nor did he attempt to show good cause for extending the filing deadline. (*See* Mapp Decl., ECF No. 7-1, PageID# 57.)

A plaintiff may also be entitled to equitable tolling of the 65-day limitation period under appropriate circumstances. *E.g.*, *Cook*, 480 F.3d at 437. When evaluating whether equitable tolling is appropriate, a court considers:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

Here, the undisputed evidence shows that Mr. Hinson was mailed notice of the Appeals Council's action on February 19, 2026, which notice specifically informed him of the 60-day filing deadline. (Notice, ECF No. 7-1, PageID# 82; Mapp Decl., ECF No. 7-1, PageID# 57.) The notice was directed to Mr. Hinson's Beachwood address—the same address listed on the complaint, the address listed on the agency mailings that he attached to his complaint (which he clearly received), and the one to which this case's mailings have been directed without being returned as undeliverable.

Mr. Hinson has offered no argument or evidence asserting that he was unaware of the filing deadline. Indeed, he attached a copy of the Appeals Council's notice, including the page discussing the deadline, to his complaint. (ECF No. 1-2, PageID# 10.) When asked in the form complaint to identify when he received the notice, Mr. Hinson left the field blank. (*Id.*, PageID# 3.) Therefore,

I find that the undisputed evidence establishes that Mr. Hinson had actual knowledge of the filing deadline.

Mr. Hinson has offered no explanation or argument regarding his diligence pursuing his rights, let alone tendered any evidence supporting that he was diligent. I find that he was not diligent in pursuing his rights, as he filed his complaint 39 days after the statutory deadline and has not sought an extension or responded to the Commissioner's motion for summary judgment.[1]

The Commissioner has not argued that he would suffer prejudice if the Court were to toll the statute of limitations, and therefore I find that this factor weighs in Mr. Hinson's favor. But where the remaining factors weigh heavily against him, and mindful of the Sixth Circuit's admonition in *Cook*, I find that Mr. Hinson has not shown a good reason to toll the statute of limitations here. *See Cook*, 480 F.3d at 437 ("Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.").

---

[1] I note that Mr. Hinson alleged, without further explanation, that he had not received certain filings in this litigation. (Mot. ECF No. 8.) Even if that is true, it would not speak to Mr. Hinson's diligence in timely filing this civil action in the first place. But I further note that none of the Clerk's mailings to Mr. Hinson's Beachwood address have been returned as undeliverable. And if his address changed, he had an affirmative duty to notify the Court of his new address. *See, e.g.*, *Barber v. Runyon*, No. 93–6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994). Even in his motion alleging mailing issues, Mr. Hinson failed to notify the Court about any change in his address. The Court re-sent him copies of the relevant filings, granted him an additional two weeks to respond to the motion, and directed him as to how to update his address on the docket. At this point, where Mr. Hinson was aware of the pending motion for summary judgment and has failed to respond even now, almost a week after the Court's most recent extended deadline, I conclude that Mr. Hinson has not been diligent in this litigation either. If he has changed addresses, he has failed to either provide the Court with an updated mailing address or monitor the status of his case. Any problems arising from an inability to communicate with Mr. Hinson are directly attributable to his failure to update the docket with his current address. *Accord Jacobs v. Mercy Health St. Joseph Warren Hosp.*, No. 4:24CV793, 2026 WL 628234, at *10 (N.D. Ohio Mar. 6, 2026).

Courts in this District have granted summary judgment to the Commissioner under similar circumstances. *See, e.g.*, *Stanley v. Comm'r of Soc. Sec.*, No. 1:23-CV-02367, 2024 WL 3201640, at *2, 5 (N.D. Ohio May 22, 2024) (summary judgment appropriate where complaint was filed one day late), *report and recommendation adopted*, 2024 WL 4354810 (N.D. Ohio Sept. 30, 2024); *McCullough v. Comm'r of Soc. Sec.*, No. 3:18CV288, 2018 WL 4189524 (N.D. Ohio Aug. 31, 2018) (summary judgment appropriate where the claimant filed five days late and made no argument that he was entitled to equitable tolling).

For these reasons, I conclude that Mr. Hinson filed his complaint after the statute of limitations and is not entitled to equitable tolling. I further conclude that there is no genuine issue as to any material fact and that the Commissioner is entitled to judgment as a matter of law.

## VI. RECOMMENDATION

Accordingly, I RECOMMEND that the Court GRANT the Commissioner's Motion to Dismiss Untimely Complaint, Or Alternatively, Motion for Summary Judgment (ECF No. 7) and issue summary judgment in the Commissioner's favor.

Dated: October 7, 2026

/s/ *Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

## VII. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the

> basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878–79 (6th Cir. 2019).